**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL OKO,** ) | **CASE NO. 1:11CV387** |
| ) | |
| Petitioner, ) | **JUDGE BENITA Y. PEARSON** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **RICHARD GANSHEIMER, WARDEN,** ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |

Petitioner, Michael Oko ("Oko"), *pro se*, challenges the constitutionality of his conviction in the case of *State v. Oko*, Cuyahoga County Court of Common Pleas Case No. 2004-CR-447702. Oko filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on February 23, 2011. On June 10, 2011, Warden Richard Gansheimer ("Respondent") filed a Motion to Dismiss. (Doc. No. 7.) Oko did not file a response by the August 15, 2011, extended deadline, but instead, on August 12, 2011, filed a document entitled "Judicial Notice" regarding access to the Court. (Doc. No. 10.) On August 19, 2011, Oko filed a motion to furnish transcript (Doc. No. 11), as well as a motion for leave to amend petition filed on October 12, 2011. (Doc. No. 13.) The Warden opposed the motion to furnish transcript. (Doc. No. 12.) For reasons set forth in detail below, it is recommended that Respondent's motion to dismiss be granted.

## I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell*, 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Oko's conviction as follows:

> On November 18, 2003, the Cleveland Narcotics Unit set up a controlled buy of heroin using an informant. The informant had been arrested a week prior to the controlled buy for trafficking in heroin. The officers hoped that the informant would lead them to the arrest of his supplier, who the informant knew as "Mike."

> By tracing the cellular phone number provided by the informant, the officers determined that "Mike" was the defendant, Michael Oko.
>
> On the morning of the controlled buy, the informant called Oko on his cell phone and arranged to meet him at an address on East 112th and Woodland at 3:00 p.m. Prior to the buy, the informant was searched, a wire to record the transaction was placed on him, and he was given $6,800 in buy money. He was instructed by the officers to purchase two ounces of heroin and to attempt to arrange a future purchase of a kilo of heroin.
>
> Oko arrived at the agreed upon time in the metallic purple Acura described by the informant. The informant got into the vehicle and negotiated the purchase of heroin. The audio tape of the transaction was played at trial. On the tape, the informant and Oko are heard negotiating the price of the two ounces, negotiating the price of the future purchase of a kilo of heroin, and discussing the informant's drug debt of $100 owed to Oko. The officers then can be heard ordering Oko and the informant to put their hands up.
>
> Oko had to be pulled from the car as he refused to exit the vehicle. Although no drugs were found on Oko's person, two ounces of heroin were found on the driver's side floor.
>
> Oko testified he is of Nigerian descent and has been a United States citizen since 1989. During that time, he held various jobs, including Municipal Court deputy, free lance writer, and employee at the Marriott. He also attended the University of Phoenix in hopes of obtaining an MBA, and accrued $60,000 in school loans.
>
> In spite of the tape implicating him, Oko testified he did not sell the informant drugs and claimed the tape was edited by officers to depict him as a drug trafficker. Oko denied that a man by the name of Christopher Ugochuko was the supplier of the heroin.
>
> On rebuttal, the officers denied splicing the tape. The officers also testified that they found papers in Oko's car relating to a Christopher Ugochuko. After his arrest, Oko had told them that this person was his supplier. The DEA and customs officials informed the officers that they had an open case against Ugochuko for trafficking in heroin.
>
> The jury found Oko guilty of all five counts. The trial court sentenced him to a total term of eight years in prison.

*State v. Oko*, 2007 WL 416941, *1 -2 (Ohio App. 8th Dist., Feb. 8, 2007)

## II. Procedural History

### A.     Conviction

On January 27, 2004, a Cuyahoga County Grand Jury charged Oko with three counts of Trafficking in Drugs in violation of Ohio Revised Code ("O.R.C.") § 2925.03 (counts one, two and five), one count of Possession of Drugs in violation of O.R.C. § 2925.11 (count three), and one count of Possessing Criminal Tools in violation of O.R.C. § 2923.24 (count four). (Doc. No.

7-1, Exh. 1.) The matter proceeded to a jury trial. After trial commenced, Oko entered a negotiated plea of guilty to count one -- drug trafficking. *Id*. at Exh. 2. He was immediately sentenced to three years imprisonment, including a term of post-release supervision. *Id.* The sentencing entry was journalized on May 24, 2004. *Id.*

On June 14, 2004, Oko filed a *pro se* motion to set aside his guilty plea. *Id*. at Exh. 3. On June 17, 2004, Oko filed a *pro se* petition to vacate or set aside the judgment of conviction or sentence. *Id.* at Exh. 4. On June 28, 2004, Oko filed a supplement to his motion to withdraw his plea. *Id*. at Exh. 6. On July 14, 2004, the court denied Oko's motions. *Id*. at Exhs. 7 & 8.

### B.     Delayed Direct Appeal

On August 3, 2004, Oko, *pro se*, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court") proposing four assignments of error:

> 1. The trial court failed to inform the defendant-appellant of his limited right to appeal from the trial court's sentence, which was contrary to the mandate of the statutory code and well established case law.
>
> 2. The trial court abused its discretion in sentencing the defendant-appellant to a term of imprisonment greater than the minimum when it had full knowledge that it was his first felony conviction.
>
> 3. Defense counsel was ineffective for failing to object to the trial court's sentence when counsel knew or should have known that the Ohio Criminal Sentencing statute called for minimum prison time.
>
> 4. Defendant-Appellant did not knowingly, intelligently and voluntarily enter his plea of guilty when he was not informed by the trial court or defense counsel that he was subject to sentencing beyond the minimum period statutorily proscribed for the offense of which he pleaded.

*Id*. at Exh. 10. On September 7, 2004, the court granted Oko's motion for leave to file a delayed appeal. *Id.* at Exh. 11. On April 15, 2005, Oko, through counsel, filed his brief raising two assignment of errors:

> 1. The trial court violated Ohio Revised Code 2943.032 and committed reversible error when it accepted Appellant's guilty plea without first informing him that he would be subject to post-release control.
>
> 2. The trial court violated Criminal Rule 11 and committed reversible error when it accepted Appellant's guilty plea without informing him of the maximum penalty associated with his plea.

*Id*. at Exh. 12. On July 21, 2005, the court, after finding that Oko was not provided proper

3

notice of the imposition of post-release control supervision at his plea hearing and at sentencing, vacated his plea and remanded to the trial court. *Id*. at Exh. 14.

### C. Petition for Post-Conviction Relief

While the delayed appeal was pending, on April 15, 2005, Oko, *pro se*, filed a petition for post-conviction relief claiming ineffective assistance of trial counsel and that his plea was not voluntarily and knowingly entered due to diminished capacity. *Id*. at Exhs. 15 & 16. On July 8, 2005, the petition, without explanation, was denied. *Id.* at Exh. 17.

### D. Motion to Dismiss Indictment

On November 16, 2005, Oko, *pro se*, filed a motion to dismiss the indictment alleging speedy trial violations, unconstitutional conduct of law enforcement officers, and a defective indictment based upon double-jeopardy. *Id*. at Exh. 18. On December 19, 2005, Oko's motion was denied.[1] *Id*. at Exh. 20.

### E. Trial

Meanwhile, following remand and appointment of new counsel, Oko's case proceeded to a jury trial on December 15, 2005. The jury convicted him on all five counts. *Id*. at Exh. 21. On December 21, 2005, Oko was sentenced to an aggregate prison term of eight years, plus post-release control supervision. *Id*.

### F. Direct Appeal

On December 29, 2005, Oko, through counsel, filed a Notice of Appeal with the state appellate court raising nine assignments of error:

> 1. The trial court denied Appellant due process of law and abused its discretion by vindictively increasing his sentence from a three-year term of imprisonment to an eight-year term of imprisonment following his conviction on remand. Fourteenth Amendment of the Constitution of the United States, Article I, § 16 of the Constitution of the State of Ohio.
>
> 2. The trial court failed to engage in the analysis required by Ohio Rev. Code § 2929.11(B) and make the required findings to ensure that Appellant's sentence is consistent with sentences imposed for similar

---

[1]The Court notes that the journal entry does not specifically state that Oko's motion to dismiss the indictment was denied.

          offenses committed by similar offenders.

3. Misconduct of the prosecuting attorney denied Appellant due process of the law and equal protection of the laws. Fourteenth Amendment of the Constitution of the United States, Article I, § 16 of the Constitution of the State of Ohio.

4. The trial court committed prejudicial error by interfering with the cross-examination of the informant by defense counsel. Sixth Amendment of the Constitution of the United States, Article I, § 10 of the Constitution of the State of Ohio.

5. The trial court committed plain error and denied Appellant due process of law by failing to instruct the jury with regard to the credibility of an informant where the informant testified against Appellant; the informant had been facing a 16-count indictment for drug trafficking; in exchange for his assistance to the police in setting up Appellant, 14 pending felony drug trafficking charges against the informant were dismissed; the informant received a minimum sentence on the charges he plead guilty to; and where key aspects of the informant's testimony were uncorroborated.

6. The trial court committed prejudicial error by admitting, over objection, State's Exhibit 3-A, a photograph of Appellant, taken after he was arrested, depicting nothing other than the clothing he was wearing at the time of his arrest ("a dark-colored suit, a pink shirt, and a tie") where such evidence was of no probative value since the clothing Appellant was wearing at the time of his arrest was not in issue and the use of such evidence served only to inflame the passions of the jury by playing into stereotypes.

7. Appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the Constitution of the United States, Article I, § 10 of the Constitution of the State of Ohio.

8. The judgment of conviction is against the manifest weight of the evidence.

9. The trial court committed prejudicial error by ordering forfeiture of Appellant's property without complying with the mandatory procedural requirements of Ohio Rev. Code § 2933.43(C).

*Id.* at Exhs. 22 & 23. Oko also filed a motion for leave to supplement the record to include the transcript of his original plea and sentencing, which was granted. *Id*. at Exhs. 24 & 25. In addition, Oko filed, *pro se*, leave to file a supplemental brief for access to the transcript, which the court denied. *Id*. at Exh. 27. On February 8, 2007, the state appellate court affirmed the conviction. *Id*. at Exh. 28.

On February 27, 2007, Oko, *pro se*, filed a motion for extension of time to file an Ohio App. R. 26(A) rehearing motion, which was denied on March 2, 2007. *Id*. at Exhs. 29 & 30.

5

Oko next filed a *pro se* motion to certify conflict in the state appellate court, which was denied on April 12, 2007. *Id*. at Exhs. 31 &32.

On January 5, 2009, Oko filed a motion for leave to filed a delayed appeal to the Ohio Supreme Court, which was denied on February 18, 2009.[2] *Id*. at Exhs. 59 & 60.

### G.     Second Petition for Post-Conviction Relief

On September 6, 2006, Oko filed a second post-conviction petition pursuant to O.R.C. § 2953.21, which was summarily denied on November 11, 2006.[3] *Id*. at Exhs. 33 & 37. On November 6, 2006, Oko filed a summary judgment motion, which was denied on January 23, 2007. *Id*. at Exhs. 35 & 40.

On August 8, 2007, Oko appealed the trial court's decision. *Id*. at Exh. 42. On August 29, 2007, Oko filed a motion requesting a transcript of the trial proceedings, which was denied. *Id*. at Exhs. 43 & 44. Oko filed a motion to reconsider denying him a copy of the transcript, which was also denied. *Id*. at 45 & 46. On September 27, 2007, he moved for an evidentiary hearing and an extension of time to file his brief. *Id.* at Exhs. 47 & 48. The court denied the motion for an evidentiary hearing, but granted Oko to October 29, 2007, to file his appellate brief, but stated that no further extensions would be granted. *Id*. at Exh. 49, pp. 1-2. On October 25, 2007, Oko requested another extension. *Id*. at Exh. 52. The state appellate court, *sua sponte*, dismissed the appeal on October 30, 2007. *Id*. at Exh. 53. Oko filed an application for reconsideration on November 9, 2007, which was denied as moot on April 8, 2008. *Id*. at Exhs. 55 & 56. Oko did not appeal the October 30, 2007, dismissal to the Ohio Supreme Court.

### H.     Motion to Vacate Order of Dismissal Pursuant to Ohio Civ. R. 60(B)

On April 15, 2010, Oko filed a 60(B) motion requesting the court to set aside its October 30, 2007, judgment dismissing his appeal of the denial of his second post-conviction petition.

---

[2]The entry indicates that it was filed on February 18, 2009, but it was docketed on either March 5, 2009, as stamped on the entry, or on March 12, 2009, as reflected in the court's official docket. (Doc. No. 7-1, Exhs. 60 & 61.)

[3]On July 11, 2007, the trial court issued findings of fact and conclusions of law to support its denial of Oko's second post-conviction petition. *Id*. at Exh. 41.

*Id.* at Exh. 57. On April 16, 2010, the state appellate court dismissed the motion. *Id.* at Exh. 49.

### I. Federal Habeas Petition

On February 23, 2011, Oko filed a Petition for Writ of Habeas Corpus, signed and dated by him on December 29, 2010, raising thirty grounds for relief. (Doc. No. 1.) On October 12, 2011, Oko filed a motion for leave to amend his Petition requesting one additional ground for relief. (Doc. No. 13.)

### III. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

### A. One-Year Limitation

Respondent asserts that Oko's petition is time-barred, the statute of limitations having expired on May 25, 2009. (Doc. No. 7 at 12-13.)

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord*

*Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*[4]

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely")*; Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely state post-conviction filing, however, cannot serve to toll a statute of limitations which has already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). Lastly, a motion for delayed appeal is not part of direct review. *See DiCenzi v. Rose*, 452 F.3d at 469.

Here, following trial, Oko timely appealed to the state appellate court, which issued its decision February 8, 2007. (Exh. 28.) Oko then had forty-five days to appeal to the Ohio Supreme Court. *See* Ohio Sup. Ct. Prac. R. 2.2(A)(1). Because he did not timely file with the Ohio Supreme Court, the statute of limitations would have started to run at the end of the 45-day

---

[4]An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA. *See Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio 2008).

period, except Oko had a pending state post-conviction petition. As such, pursuant to §2244(d)(2), the limitations period is tolled while a properly filed state post-conviction petition is pending. Subsequently, Oko had several state post-conviction or other collateral motions pending. Oko's second post-conviction petition filed on September 6, 2006, was denied on November 11, 2006. (Exhs. 33 & 37.) On December 5, 2006, Oko filed a motion for findings of fact and conclusions of law, which was pending until July 11, 2007, when it was denied. (Exhs. 39 & 41.) On August 8, 2007, Oko appealed the trial court's denial of his post-conviction petition, which the state appellate court accepted as timely. (Exhs. 42 &49, Docket p. 2.) Oko, however, failed to timely file a brief causing the state appellate court to dismiss the appeal on October 30, 2007. (Exh. 53.) Oko then had forty-five days (until December 14, 2007) to appeal that judgment to the Ohio Supreme Court, but failed to do so. Instead, on November 9, 2007, Oko filed a motion for reconsideration pursuant to Ohio App. R. 26(a), which was denied on April 8, 2008. (Exhs. 55 & 56.) The Sixth Circuit has not directly ruled whether an Ohio App. R. 26(A) motion for reconsideration tolls the AEDPA statute of limitations period. *See DiCenzi*, 452 F.3d at 468-469, fn1 (*citing Draughon v. DeWitt*, 65 Fed. Appx. 949, 951 (6th Cir. 2003)). Giving Oko the benefit of the doubt, the limitations period did not begin to run until April 9, 2008, one day after the state appellate court denied Oko's motion for reconsideration.

From and including April 9, 2008, the limitations period ran for 271 days until January 5, 2009, when Oko filed a motion for leave to file a delayed appeal to the Ohio Supreme Court. *Id.* at Exh 59. The Sixth Circuit has ruled that a properly-filed motion for delayed appeal tolls, although it does not restart, the statute of limitations while it is pending. *See Plaza v. Hudson*, No. 1:07cv674, 2008 U.S. Dist. Lexis 102083, at *13 (N.D. Ohio 2008). The clock, therefore, resumed running on February 19, 2009, one day after the Ohio Supreme Court denied the motion for delayed appeal. *Id.* at Exh. 60. As a motion for delayed appeal is not part of direct review, *see DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2003), Oko is not entitled to the ninety additional days to appeal to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (the statute of limitations period is not tolled for collateral proceedings under § 2244(d)(2), during the 90 days in which a petitioner can file a petition for a writ of

9

certiorari to the United States Supreme Court).  One year (365 days) less the 271 days equals 94 days, or until May 26, 2009[5], for Oko to file a federal habeas petition.[6]  He did not do so.

Lastly, Oko's rule 60(B) motion to vacate the state appellate court's judgment on his post-conviction appeal filed on April 15, 2010, did not toll the limitations period, as it had expired before the motion was filed.  The tolling provision of § 2244(d)(2) does not revive the limitations period; it only serves to pause a clock that has not yet expired.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2004).  As Oko's Petition was executed on December 29, 2010, it is untimely by approximately eighteen months.  Therefore, unless equitable tolling is appropriate, his Petition should be dismissed as time-barred.

### B.     Equitable Tolling

In order to be entitled to equitable tolling, Oko must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  Although Oko did not respond to the Motion to Dismiss, he asserted in the Petition that on or about January 26, 2010, he initially submitted a petition to the prison mail room for filing, but prison staff purposefully impeded him.  (Doc. No. 1 at 11.)  Other than a conclusory statement, Oko provides no evidence to support this claim.  More importantly, this argument fails since by January 26, 2010, the statute of limitations had expired.

Oko also argued, in a conclusory statement, that his deteriorating health and poor medical services in the prison delayed the filing of his Petition.  *Id*.  "Illness-mental or physical-tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during

---

[5] As the limitations period expired on May 23, 2009, a Saturday, and the following Monday, was Memorial Day, a federal holiday, two days were added.

[6] Even if the Court considers March 12, 2009, as reflected on the docket as the date the Ohio Supreme Court denied the appeal, it does not help Oko.  Ninety-four days later would be Sunday, June 14, 2009, giving him until Monday, June 15, 2009, to file timely.

the limitations period." *Price v. Lewis*, 119 Fed. Appx. 725, 726 (6th Cir. 2005) (unpublished) (*citing Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (discussing mental illness); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-170 (S.D.N.Y. 2000) (discussing physical and mental illness and collecting cases). The Sixth Circuit recently held that "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata v. Scutt*, 11a0297p.06 (6th Cir. Nov. 28, 2011). The *Ata* Court noted that in order to obtain equitable tolling, a blanket assertion of mental incompetence is insufficient. *Id*. at 8. Rather, a petitioner must show that (1) he is mentally incompetent; and, (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. *Id*. Here, Oko has provided no evidence of his alleged medical condition or how it disrupted his ability to file a petition.

Oko also claimed that his access to the courts was obstructed and referred to a pending state court case, *Oko v. Lake Erie Correctional Institution, et al.*, Case No. 2007-cv-057. (Doc. No. 1 at 11.) Respondent indicated that no such case was filed in Cuyahoga County or the federal courts of Ohio, but a case with a similar name appears on the Eleventh Appellate District State court docket. The case involved Oko's civil rights action against prison authorities for improperly imposing fifteen days of administrative segregation. (Doc. No. 7 at 16.) Respondent noted further that the facts alleged in that case indicate that during October, 2006, he was placed in administrative segregation for 14 or 15 days. *Oko v. Lake Erie Corr. Inst*., 11th App. Dist. No. 2010-A-0002, 2010 Ohio App. Lexis 2348, at *2-4, 2010-Ohio-2821. As Oko's Petition was not due (based on his subsequent actions) until May, 2009, the Court finds the period Oko was segregated did not prevent him from filing a timely habeas petition.

### C. Actual Innocence

Oko argues in his Petition that he is actually innocent.[7] In *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005), it was held that "equitable tolling of the one-year limitations period based on

---

[7]Oko's thirtieth ground for relief claims he is actually innocent of the underlying charges, but gives no reason or explanation. (Doc. Nos. 1-1 at 14; 7 at 16-17.)

11

a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1998)). In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 298. The *Souter* Court ruled that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." 395 F.3d at 602. This standard is consistent with "AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence." *Id*. at 600.

Oko provides no evidence to support his conclusory statement that he is actually innocent. In his second state post-conviction petition filed on September 6, 2006, Oko argued that he was actually innocent and attached a sixty-paragraph affidavit in support. (Doc. No. 7-1, Exh. 33.) The trial court denied the petition, specifically addressing the actual innocence argument as follows:

> 13. Defendant claims that evidence dehors the record shows that he did not commit these crimes. Defendant's sole support for this statement was his own affidavit attached as Exhibit "A." In his affidavit, however, defendant merely reiterated his trial testimony, including his statement that he had no drugs in his possession nor did he offer to sell drugs the day he was arrested. Defendant's own exhibits, and the trial transcript, contradict many of his statements.
>
> 14. The Court finds that defendant's affidavit is self-serving, and fails to provide any credible, relevant information different from that presented at trial. As such, the court may discount defendant's affidavit. *See State v. Stedman*, Cuyahoga App. No. 83531, 2004-Ohio-3298.

(Doc. No. 7-1, Exh. 41.) Upon this Court's review of Oko's affidavit, his arguments pertain to information Oko related to his attorney prior to trial. Nothing there would qualify as "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

12

Without the benefit of statutory tolling, equitable tolling, or a credible claim of actual innocence, the instant petition is untimely.

### IV. Pending Motions filed by Petitioner

In Oko's "Judicial Notice" filed on August 12, 2011, he maintains, without explanation, that he was unable to file a timely response as the Respondent denied him access to the Court and due to a prison shutdown. (Doc. No. 10.) He subsequently filed two motions.

On August 19, 2011, Oko filed a Motion of Petitioner to Furnish Transcript, requesting the Court to order Respondent to provide a copy of the trial transcript. (Doc. No. 11.) As the Court has found that Oko's Petition is time-barred, the request for the trial transcript is denied.

On October 12, 2011, Oko filed a Motion for Leave to Amend Instanter Petition for Writ of Habeas Corpus. (Doc. No. 13.) Oko is seeking leave to amend his Petition to add another ground.[8] As the Court has found Oko's Petition to be time-barred, it is recommended that his Motion for Leave to Amend his Petition be denied. *Id*.

### V. Conclusion

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be granted and this matter be DISMISSED as time barred.

s/ Greg White<br>
United States Magistrate Judge

Date: January 5, 2012

---

[8] Oko's additional ground he seeks to add states as follows:

THE SENTENCE OF THE TRIAL COURT UNDER *BLACKLEY [sic] V. WASHINGTON*, AND *STATE VS. FOSTER* IS VOID AND: 2) A product of vindictiveness by trial judge based on increased Sentences following a) Petitioner's successful appeals, b) exercise rights to Jury trial; and c) filing of Civil Rights complaint and d) Assertion of complete innocence oof [sic] crime on the stand in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. No. 13.)

13

**OBJECTIONS**
Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).